Territorial Law Library

**IN THE SUPERIOR COURT OF GUAM**

PEOPLE OF GUAM,

    vs.

GLENN C. BAMBA,

                  Defendant.

)
)
)
)
)
)
)
)
)
)

CRIMINAL CASE NO. CF0086-09

**DECISION AND ORDER**
**(Motion to Dismiss)**

The Defendant's Motion to Dismiss was heard on June 29, 2009 before the HONORABLE ELIZABETH BARRETT-ANDERSON. Defendant was represented by Attorney F. Randall Cunliffe, and the People were represented by Special Prosecutor Mylene Lopez. The Court having considered all the briefs and arguments this Court hereby DENIES in part and GRANTS in part Defendant's Motion to Dismiss.

## FACTUAL BACKGROUND

On March 3, 2009, Defendant was indicted on five counts of First Degree Criminal Sexual Conduct (hereinafter "First Degree Charge") and eight counts of Second Degree Criminal Sexual Conduct (hereinafter "Second Degree Charge"). All of the First Degree Criminal Sexual Conduct allegations relate to L.A.M.B., a minor under the age of fourteen at the time of the alleged incidents. Six Second Degree Criminal Sexual Conduct allegations also relate to L.A.M.B.

Counts One, Two, and Three of both First and Second Degree Charges are alleged to have taken place between March 21, 2000 and March 20, 2001, a one year timeframe. Count Four of both First and Second Degree Charges as well as Count Six of the Second Degree Charge are alleged to have taken place between March 21, 2001 and March 20, 2003, a two year timeframe. Count Five of both First and Second Degree Charges is alleged to have taken place between March 21, 2003 and March 31, 2003, a ten day timeframe. Count Seven of the Second

Degree Charge is alleged to have taken place between April 13, 1997 and April 13, 2000, a three year timeframe. Lastly, Count Eight of the Second Degree Charge is alleged to have taken place between April 13, 2007 and April 13, 2008, a one year timeframe.

Oral arguments focused on the timeframes of the alleged incidents relating to L.A.M.B. and not on Count Seven and Eight of the Second Degree Charges, which allege incidents involving B.G.C.B., a minor under the age of fourteen.

**DISCUSSION**

A. <u>Incidents involving B.G.C.B.</u>

Other than a Guam Police Department Case Report, no information was provided to this Court to determine what efforts the People made to pinpoint a more specific timeframe of the alleged incidents from B.G.C.B.. The case report indicates that B.G.C.B. appeared incompetent when asked to try and recall the months and days. The People claim that "the incident involving B.G.C.B. is alleged to have occurred sometime during his 14th year." Opp'n to Def.'s Mot. to Dismiss Indictment (Jun 15, 2009) p. 13. Due to the discrepancy of dates of the alleged incidents in the Indictment and the Opposition, Counts Seven and Eight of the Second Degree Charge will be dismissed without prejudice.

B. <u>Incidents involving L.A.M.B.</u>

The People have provided the Defendant with a copy of the following documents relating to its attempts to pinpoint a more specific timeframe and investigations of the alleged incidents from L.A.M.B.: (1) Multi-Disciplinary Task Force team interview transcript, (2) L.A.M.B.'s written statement to Guam Police Department ("GPD"), (3) investigator's notes of interview with L.A.M.B., and (4) GPD report.

Guam law does not require the charging instrument to specify exact dates, and time is not an element of the crimes alleged. 8 G.C.A. § 55.10. In all cases involving young children it is often difficult to provide more exact timeframes of alleged incidents. This Court agrees that "in light of the nature of the charges, the ages of the victim[s], the evidence provided in the minor's Multi-Disciplinary Task Force interview, and in the discovery presented to him, th[e] argument [that the periods of time specified in the indictment are so broad that he cannot provide an adequate alibi defense] is without merit." Opp'n to Def.'s Mot to Dismiss Indictment (Jun 15, 2009) p.6. Similar to *People v. Cepeda*, "[s]ince exact times and dates are not required to be specifically pleaded in an indictment, it is sufficient that the People use good faith efforts to pinpoint the time and dates of the alleged offense by whatever means possible given the circumstances of the case." Criminal Case No. 0805-98, *Decision and Order on Motion to Dismiss* (Apr. 9, 1999), pp 7-8. Here the People used good faith efforts relating to L.A.M.B. that are sufficient for both statutory requirements and constitutional mandates of due process; however, as the People offered to provide Defendant with a bill of particulars in this case to assist with Defendant's preparation of his defense, this Court will order a bill of particulars be provided.

Regarding the Defendant's use of an alibi defense, this Court reaffirms its decision in *People v. Cepeda. Id.* at p. 8, ln. 3-25. Further, the Court agrees that allowing a claim of alibi to necessitate a more definite date on the indictment would

> too often preclude prosecution of crimes involving child victims… Leeway is necessary in charging sexual abuse and sexual intercourse with minors because children who are victims of abuse may find it difficult to recall precisely the dates of the offenses against them…A defendant would simply have to make the assertion of alibi in order to escape prosecution. *State v. Hoban,* 738 S.W.2d 536, 541 (Mo.App. 1987).

**CONCLUSION**

Based on the Defendant's Motion to Dismiss is DENIED in part and GRANTED in part. The People are ORDERED to provide a Bill of Particular to Defendant by July 24, 2009. This case is set for criminal trial setting on August 11, 2009 at 9:30 a.m.

**SO ORDERED**, this July 7, 2009,

**HONORABLE ELIZABETH BARRETT-ANDERSON**
Judge, Superior Court of Guam

I do hereby certify that the forgoing is a full, true and correct copy of the original on file in the office of the clerk of the Superior Court of Guam. Dated at Hagåtña, Guam.

JUL 07 2009

Brianne M.G. Balbas
Deputy Clerk, Superior Court of Guam